#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ARTEMIO MIRANDA MANUEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-168-SLP |
| | ) | |
| RALPH HANSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### O R D E R

Plaintiff, appearing pro se, brings this action alleging violations of his rights under 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Americans with Disabilities Act and the Rehabilitation Act. *See* Compl. [Doc. No. 1]. At the time this action was filed, Plaintiff was incarcerated at Great Plains Correctional Facility (GPCF) a private prison located in Hinton, Oklahoma. All Defendants in this action are current or former employees of GPCF.

Plaintiff's claims arise out of an injury to his knee while incarcerated at Big Springs Correctional Center in Texas. When Plaintiff was transferred to GPCF, he claims he received inadequate medical care for continuing problems associated with his knee injury. He further alleges the knee injury caused him to be wheelchair bound and that he was denied necessary accommodations related thereto.

During Plaintiff's incarceration at GPCF, he was serving a sentence on his federal conviction for Unlawful Re-entry of a Deported Alien. During the pendency of this action,

Plaintiff was released from incarceration, removed from the United States and deported to Mexico.

Before the Court is the Report and Recommendation [Doc. No. 45] (R&R) of United States Magistrate Judge Shon T. Erwin recommending dismissal without prejudice of Plaintiff's claims against the following Defendants: Ralph Hansen, Warden; FNU Gooch, Major Chief of Security; FNU Perzanowski, Sergeant; K. Herring and K Saurer, Hobby Craft Teachers; FNU Curnmet, SIS; FNU Holly, Doctor; Jane Doe 1, Health Services Administrator; Jane Doe 2, Nurse; John Doe 1, Utilization Committee; John Doe 2, Doctor; and GEO Group (collectively, Defendants).[1] As detailed in the R&R, the Magistrate Judge finds, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, that Plaintiff has failed to prosecute this action by failing to serve Defendants or otherwise adequately respond to the Court's show cause orders regarding service. The Magistrate Judge notes Plaintiff's "difficulties in prosecuting this case, given his current circumstances" but further notes that the Court has "repeatedly given Plaintiff extensions of time to serve the Defendants." R&R at 7.[2]

The Magistrate Judge advised Plaintiff of his right to object to the R&R on or before August 23, 2021. Plaintiff did not timely file an objection. However, on September 9,

---

[1] The Magistrate Judge addressed Plaintiff's claims against the two remaining Defendants, AWK Mooter (Mooter) and FNU Exinia, Hobby Craft Teacher (Exinia) in a subsequently-filed Report and Recommendation [Doc. No. 46]. The Court addresses that R&R by separate Order.

[2] Plaintiff has frequently cited his residence in a foreign country as grounds for excusing his compliance with service-related matters and court orders. He has utilized, for purposes of this litigation, the address of his wife who resides in Bryan, Texas.

2021, Plaintiff mailed a "Notice" which was received by the Court and filed on September 13, 2021. *See* Notice [Doc. No. 48]. Plaintiff makes a passing reference to one of the service issues stating: "I have pay the Court $200.00 to served a notice to each Defendant." *Id*. at 1. Otherwise, he fails to address the findings in the R&R regarding the order to show cause and the remaining service issues.

Plaintiff's Notice, to the extent it could be construed as an objection to the R&R, is untimely. Further, Plaintiff fails to adequately address the service issues in the Notice. Thus, Plaintiff was waived objections to the R&R. *See, e.g., Zamora v. U.S. Dep't of Health & Human Servs.*, No. 21-1338, 2021 WL 6124887 at *1 (10th Cir. Dec. 28, 2021) (unpublished op.) (addressing "firm waiver" rule in the Tenth Circuit and finding "interests of justice" review not warranted where pro se litigant "made no effort to challenge the magistrate judge's recommendation"); *see also Villanueva Echon v. Sackett*, 809 F. App'x 468, 471 (10th Cir. 2020) (addressing relevant factors to determine whether to invoke interest-of-justice exception to firm waiver rule including "a pro se litigant's efforts to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised" as "relevant considerations in this regard'" (quoting *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1120 (10th Cir. 2005)).

Even if the Court were to review the Magistrate Judge's findings, the Court concurs that Plaintiff's claims against the Defendants are subject to dismissal pursuant to Rule

3

41(b). Plaintiff initiated this action nearly two years ago. *See* Compl. [Doc. No. 1]. To date, Plaintiff has served only Defendants Mooter and Exinia.[3]

The Magistrate Judge recommends dismissal without prejudice and notes that the Court may enter such an order without the need to "follow any particular procedures." R&R at 7 (citing *Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007)); *see also Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). An exception to this rule exists, however, when the dismissal would effectively operate as a dismissal with prejudice – for instance, when a refiled action would be time barred. *See, e.g., Gocolay v. N.M. Fed. Sav. & Loan, Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992). The Court then must consider "(1) the degree of actual prejudice to [Defendants]"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (10th Cir. 1992) (internal quotation marks omitted).

---

[3] Plaintiff completed service paperwork for eight Defendants – Curnmet, Exinia, Gooch, Hanson, Herring, Mooter, Perzanowski and Saurer. *See* Doc. No. 27. As set forth in a previous order of the Court, Plaintiff failed to provide all copies of necessary service papers when he initially completed his summons for these Defendants and submitted them for issuance by the Clerk of Court. Plaintiff later paid $216.00 for making the requisite copies and sought an extension of time to complete service. In light of these circumstances, the Court declined to dismiss Plaintiff's action under Rule 41(b) as had been recommended by the Magistrate Judge. *See* Order [Doc. No. 25]. The Magistrate Judge then extended the time for Plaintiff to complete service. *See* Order [Doc. No. 26]. Plaintiff timely obtained service on Defendants Mooter and Exinia. *See* Returns [Doc. Nos. 28-29]. But summons as to the remaining Defendants were returned unexecuted. *See* Returns [Doc. Nos. 30-35]. Plaintiff took no further steps regarding service of any Defendants. Plaintiff has never submitted service paperwork for the remaining six Defendants – Holly, GEO Group, Inc., the two Jane Does and the two John Does.

The Court assumes, without deciding, that Plaintiff's claims may be subject to a statute of limitations bar.[4]  But the Court finds a dismissal with prejudice is appropriate upon consideration of the *Ehrenhaus* factors.  Given the length of time this action has been pending and the fact that Plaintiff is no longer incarcerated at GPCF, prejudice to the Defendants in having to defend this action is significant.  Moreover, the interference with the judicial process weighs in favor of a dismissal with prejudice.  The Court has spent considerable time issuing orders and administering service-related issues in this case.  Finally, Plaintiff has been warned of the consequences of not effecting timely service and because Plaintiff has taken only minimal action to address the service issues, lesser sanctions would not be effective.  For all these reasons, the Court finds a dismissal with prejudice against Defendants is proper.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 45] is ADOPTED to the extent it recommends dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  Plaintiff's claims against the following Defendants are DISMISSED WITH PREJUDICE: Ralph Hansen, Warden; FNU Gooch, Major Chief of Security; FNU Perzanowski, Sergeant; K. Herring and K Saurer, Hobby Craft Teachers; FNU Curnmet, SIS; FNU Holly, Doctor; Jane Doe 1, Health Services Administrator; Jane

---

[4] The Court recognizes that to the extent Plaintiff has any cognizable claim arising under either § 1983 or *Bivens*, he could likely rely on Oklahoma's savings statute, Okla. Stat. tit. 12, § 100, to timely file a new action as to those claims.  *See, e.g., Roberts v. Barreras*, 484 F.3d 1236, 1242-43 (10th Cir. 2007) (applying state tolling statute in *Bivens* action); *see also Brown v. Boothe*, No.CV-17-428-G, 2019 WL 4918763 at *2 n. 3 (W.D. Okla. Oct. 3, 2019) (collecting cases addressing Oklahoma's savings statute in context of dismissal of § 1983 claims for failure to effect timely service).

Doe 2, Nurse; John Doe 1, Utilization Committee; John Doe 2, Doctor; and The GEO Group.

IT IS SO ORDERED this 9th day of February, 2022.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE