## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|                             |     |                             |
|-----------------------------|-----|-----------------------------|
| ARTEMIO MIRANDA MANUEL,     | )   |                             |
|                             | )   |                             |
| Plaintiff,                  | )   |                             |
|                             | )   |                             |
| v.                          | )   | Case No. CIV-20-168-SLP     |
|                             | )   |                             |
| RALPH HANSON, et al.,       | )   |                             |
|                             | )   |                             |
| Defendants.                 | )   |                             |

## O R D E R

Before the Court is the Report and Recommendation [Doc. No. 46] (R&R) of United States Magistrate Judge Shon T. Erwin recommending the Court grant the Motion to Dismiss or in the Alternative, Motion for Summary Judgment [Doc. No. 41] of Defendants Kevin Mooter and Andrew Exinia (collectively, Defendants). For the reasons more fully set forth below, the Court ADOPTS the R&R, to the extent it recommends granting Defendants' Motion, and DISMISSES Plaintiff's claims against these Defendants.

## I.    Background

Plaintiff, appearing pro se, is a convicted and sentenced federal prisoner and immigration detainee.  Compl. [Doc. No. 1] at 3.  During the pendency of this action, Plaintiff was released from incarceration, removed from the United States and deported to Mexico where he currently resides.  At the time the Complaint was filed, however, Plaintiff was incarcerated at Great Plains Correctional Facility (GPCF), a private correctional facility operated by The GEO Group, that had contracted with the federal government to

house federal prisoners.[1]  At all times relevant to Plaintiff's claims, Defendants Mooter and Exinia were employees at GPCF.[2]

Plaintiff's claims arise out of an injury to his knee.[3]  Plaintiff alleges that he is disabled due to this knee injury and that he is entitled to certain protections as a result of his disability.  He is confined to a wheelchair and alleges that one or more Defendants have violated his rights as a disabled person due to accessibility issues.  He also alleges he was denied proper medical care related to this knee injury.  Plaintiff purports to bring claims against Defendants under the Eighth Amendment to the United States Constitution (whether brought under 42 U.S.C. § 1983 or *Bivens*[4]), the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA).

Defendants moved to dismiss Plaintiff's section 1983, *Bivens* and ADA claims. Defendants did not expressly move to dismiss Plaintiff's RA claim but the Magistrate Judge has also recommended dismissal of this claim.[5]

---

[1]  The Court takes judicial notice of this fact. *See* Special Report [Doc. 40] at 1-2 (citing *CI Great Plains, Federal Bureau of Prisons*, https://www.bop.gov/locations/ci/gpc). Anecdotally, the Court notes that GPCF is no longer listed on the BOP website and thus it appears that GPCF has no present contract with the federal government to house federal prisoners.  The current status of GPCF is irrelevant to the status of GPCF at the time of the claims raised in Plaintiff's Complaint.

[2] Plaintiff has named twelve other Defendants.  None of those Defendants have been timely served. The Court has addressed the dismissal of Plaintiff's claims against those Defendants in a separate order filed contemporaneously with this Order.

[3] Plaintiff's knee injury occurred at Big Spring Correctional Center (BSCC) where he was housed prior to his transfer to GPCF.  He asserts no claims in this action based on conduct occurring at BSCC.

[4] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[5] The Court finds the Magistrate Judge properly considered dismissal of this claim.  Plaintiff was

The Magistrate Judge advised Plaintiff of his right to object to the R&R on or before September 9, 2021 and the consequences for failing to do so.  Plaintiff did not timely file an objection.  On August 23, 2021 he mailed a response in opposition to Defendants' motion, which was received and filed by the Clerk of Court on August 27, 2021.  *See* Resp. [Doc. No. 47].[6]  The response reiterates the factual bases for Plaintiff's claims.

Plaintiff also filed a Notice on September 13, 2021.  To the extent the Notice is an objection to the R&R, Plaintiff conclusorily asserts that Defendants Mooter and Exinia (along with other Defendants) "are responsible" and "participated" in conduct evincing "deliberate indifference."  But the Notice fails to address the findings set forth in the R&R. Under these circumstances, Plaintiff has waived review of the factual and legal issues before the Court.  *See, e.g., Allman v. Colvin*, 813 F.3d 1326, 1329 (10th Cir. 2016).

But even if the Court were to conduct a de novo review, *see* Fed. R. Civ. P. 72(b), the Court finds Plaintiff has not stated any cognizable claims for relief against Defendants Mooter and Exinia.

---

granted leave to proceed in forma pauperis in this action, *see* Order [Doc. No. 5], and, therefore, the Court has authority to dismiss his claims at any time for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[6] To the extent Plaintiff intended the August 27, 2021 filing as a response to Defendant's Motion, Defendant had already filed a Letter [Doc. No. 43] and "Affidavit by Notice" [Doc. No. 43-1] which the Magistrate Judge construed as a response to the Motion, *see* R&R at 1-2.  Moreover, the August 27, 2021 filing was submitted nearly six months after the Motion and, therefore, was significantly out-of-time.

II.   **Discussion**

A.   **Section 1983 Claims**

Section 1983 requires a plaintiff to show a violation of a right secured by the Constitution or laws of the United States, committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). As set forth, GPCF is a correctional facility and, at all times relevant to Plaintiff's claims, had contracted with the federal government to house federal prisoners. GPCF is not a state agency and Defendants, employees of GPCF, are not state employees or actors, but individuals acting as agents of the federal government. *See, e.g., Dry v. United States*, 235 F.3d 1249, 1255-56 (10th Cir. 2000) (noting that § 1983 is "applicable only to actions by state and local entities, not by the federal government"). Plaintiff, therefore, fails to state a claim under section 1983 against Defendants.

B.   ***Bivens* Claims**

Similarly, *Bivens* does not serve as a basis for any claim against Defendants. Where, as here, a plaintiff sues an individual, employed by a private corporation, state law remedies are available. A *Bivens* action will not stand under these circumstances. *Minneci v. Pollard*, 565 U.S. 118, 126 (2012) (*Bivens* does not permit an action by an inmate suing employees of a private prison for Eighth Amendment violations); *see also Peoples v. CCA Det. Ctrs.*, 422 F.3d 1090, 1104 (10th Cir. 2005) ("the presence of an alternative cause of action against individual defendants provide sufficient redress such that a *Bivens* cause of action need not be implied"); *Crosby v. Martin*, 502 F. App'x 733, 735 (10th Cir. 2012) (relying on *Minneci* and *Peoples* as "controlling" and dismissing federal prisoner's *Bivens*

claims for excessive force and denial of medical care against employees of privately owned and operated prison in their individual capacities where alleged conduct would "typically fall within a state-law negligence claim"). The Court, therefore, finds dismissal of Plaintiff's *Bivens* claims against Defendants is proper.

### C.    ADA Claims

Any claims Plaintiff brings against Defendants under the ADA also fail. *See* R&R at 4-6. "[T]he ADA does not apply to private correctional facilities housing federal prisoners." *Valdovinos-Blanco v. Vaughn*, No. CV-11-0436-MCA/WPL, 2012 WL 13076554 at *5 (D. N.M. Apr. 12, 2012) (unpublished op.) (addressing ADA claim by federal prisoner who used a wheelchair and alleged correctional center was not handicap accessible); *see also Phillips v. Tiona*, 508 F. App'x 737, 753 (10th Cir. 2013) ("Title II of the ADA does not apply to federal prisoners in federal prisons, including those privately managed by corporations such as CCA. That is so because Title II covers only states and defined appendages thereof."); *Montez v. Romer*, 32 F.Supp.2d 1235, 1241 (D. Colo. 1999) ("[I]ndividual defendants in their individual capacities are not properly subject to suit under the . . . [ADA]."). Plaintiff's ADA claims, therefore, are dismissed.

### D.    RA Claims

Finally, to the extent Plaintiff brings claims against Defendants under the Rehabilitation Act, any such claims fail. *See* R&R at 6. "Individual defendants in their individual capacities are not subject to liability under the RA." *Wilson v. Housing Auth. of Silver Lake, Kan.*, No. 19-04026-HLT-ADM, 2019 WL 2943054 at *2 (D. Kan. May 30, 2019) (unpublished op.) (citing *Moore v. Cooksey*, 242 F.3d 389, 2000 WL 1838274 at *1

5

(10th Cir. 2000) (affirming the decision of the district court to dismiss RA claims against individual defendants because they could not be held liable)). Dismissal of Plaintiff's RA claims, therefore, is warranted.

**III.    Conclusion**

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 46] is ADOPTED to the extent it recommends granting Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment [Doc. No. 41].

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Kevin Mooter and Andrew Exinia are DISMISSED pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii).[7]

Based on the contemporaneous Order entered this same date dismissing the remaining Defendants, a separate Judgment of Dismissal shall be filed.

IT IS SO ORDERED this 9th day of February, 2022.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[7] The Court finds dismissal is proper based on the factual allegations of the Complaint and matters of which the Court may properly take judicial notice. Based on the findings set forth, the Court deems it unnecessary to address the issue of personal participation. *See* R&R at 6-7.